IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Sidney T. Lewis,** | : | Case No. 2:08-cv-00075 |
| | : | |
| Appellant, | : | JUDGE MARBLEY |
| | : | |
| | : | |
| | : | |
| **Larry J. McClatchey,** | : | |
| | : | |
| Trustee/Appellee. | : | |

### ORDER

Appellant Lewis ("Appellant") filed five (5) Notices of Appeal from the Bankruptcy Court of the Southern District of Ohio (the "Bankruptcy Court") pursuant to 28 U.S.C. § 158(a). The Orders appealed included: Docket #92, Order Regarding Judicial Notice; #103, Order Striking Omnibus Objection; #145, Order Approving Old Republic Compromise; #105, Order Granting Application to Employ Realtor; and #108, Order Authorizing Sale of Real Estate. Trustee/Appellee Larry J. McClatchey ("Trustee" or "Appellee") moves this Court for an order dismissing each of these five appeals pursuant to Fed. R. B. Proc. Rules 8001(a) and 8011.  His Motion to Dismiss Appeal is hereby **GRANTED**.

**I. Dismissal of the Three Tardy Appeals is Proper Pursuant to Fed. R. B. Proc. Rule 8002(a).**

This Court has jurisdiction over appeals arising from orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In order for such jurisdiction to vest with this Court, any such notice of appeal must be filed with the clerk of the court within ten (10) days of the date the order was entered. Fed. R. B. Proc. Rule 8002(a).

1

Three of Appellant's Notices of Appeal do not comply with the procedural rules set forth in Fed. R. B. Proc. Rule 8002(a).  The Bankruptcy Court entered its Order Regarding Judicial Notice on December 15, 2007, but Appellant did not appeal until January 14, 2008.  The Bankruptcy Court entered its Order Striking Omnibus Objection on January 15, 2008, but Appellant did not appeal until January 28, 2008.  The Bankruptcy Court entered its Order Approving Old Republic Compromise on April 3, 2008, but Appellant did not file an appeal until April 15, 2008.

It is well established that appellate courts have no subject matter jurisdiction over an untimely appeal. *See Veltman v. Whetzal*, 93 F.3d 517, 520 (8th Cir. 1996); *In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001); *Preblich v. Battley*, 181 F.3d 1048, 1056–57 (9th Cir. 1999); *Don Vicente Macias, Inc. v. Texas Gulf Trawling Co.*, 168 F.3d 209, 211 (5th Cir. 1999).  Although the Supreme Court has instructed courts to give deference to pleadings filed by *pro se* litigants, it has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Eglinton v. Loyer*, 340 F.3d 331 (6th Cir. 2003), 335 (2003) (*citing McNeil v. United States*, 508 U.S. 106 (1993)).  Therefore, because these three appeals were not filed within ten days of the Bankruptcy Court's orders, as required by Fed. R. B. Proc. Rule 8002(a), each must be dismissed for lack of subject matter jurisdiction.

> **II.  Appellant's Appeals from the Real Estate Orders Must Be Dismissed Because Each Has Become Statutorily Moot.**

Appellant also filed Notices of Appeal from the Bankruptcy Court's Order Granting Application to Employ Realtor and Order Authorizing Sale of Real Estate (collectively, the "Real Estate Orders").  The Real Estate Orders related to Trustee's employment of a realtor and

2

associated sale of the Appellant's interest in several Columbus, Ohio, real estate parcels.  The Bankruptcy Court entered its Order Granting Application to Employ Realtor on January 17, 2008, from which Appellant entered a timely appeal on January 28, 2008.  The Bankruptcy Court entered its Order Authorizing Sale of Real Estate on January 22, 2008, and Appellant moved for a stay of said Order on February 1, 2008.

Although Appellant complied with the procedural rules set forth in Fed. R. B. Proc. Rule 8002(a), he did not obtain a stay prior to February 12, 2008, the date on which Trustee closed on the sale of the real estate.  Under 11 U.S.C. § 363(m) of the Bankruptcy Code, Appellant was required to obtain a stay of the Order Authorizing Sale of Real Estate, as well as the real estate sale itself, in order to preserve this Court's ability to affect the validity of the Real Estate Orders.  Section 363(m) provides:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Based on the language of § 363(m), "[b]ankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of debtor's assets." *In re 255 Park Plaza Assocs. Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996) (internal citations omitted).  It is well established in the Sixth Circuit that failure to obtain a stay of a real estate sale to a good faith purchaser pursuant to Section 363(m) "limits appellate review of a consummated sale . . . regardless of the merits of legal arguments raised against it." *In re Made*

3

*in Detroit, Inc.*, 414 F.3d 576, 581 (6th Cir. 2005) (internal citations omitted).  Therefore, failure to obtain a stay of a real estate sale to a good faith purchaser is fatal to any later appeal. *See In re Parker*, 499 F.3d 616, 620–621 (6th Cir. 2007); *see also Weingarten Nostat, Inc. v. Service Merchandise Co.*, 396 F.3d 737, 741 (6th Cir. 2005).

      The bankruptcy mootness rule is "predicated on the particular need to encourage participation in bankruptcy asset sales and increase the value of the property of the estate by protecting good faith purchasers from modification by an appeals court." *Weingarten Nostat, Inc.*, 396 F.3d at 741.  It "protects the reasonable expectations of good faith third-party purchasers by preventing the overturning of a completed sale, absent a stay. . . ." *See Made in Detroit, Inc.*, 414 F.3d at 581 (internal citations omitted).  Courts have defined a "good faith purchaser" as one who purchases the assets "for value" and "in good faith." *Id.* (internal citations omitted).

      The buyer of the real estate at issue here paid a purchase price of $40,000.  This is sufficient to meet the "for value" prong of a good faith purchase.  "To show [a] lack of good faith, the debtor must demonstrate that there was fraud or collusion between the purchaser and the seller or the other bidders, or that the purchaser's actions constituted an attempt to take grossly unfair advantage of other bidders." *In re 255 Park Plaza*, 100 F.3d at 1218.  There is no evidence here of any such fraud or collusion between the buyer of the real estate and the Trustee.  When such evidence is lacking, dismissal of an appeal is appropriate under Section 363(m). *See In re Quaker City Castings, Inc.*, 2005 Bankr. LEXIS 2211, at *20–21 (6th Cir. 2005).  Because Appellant failed to obtain the required stays prior to the consummation of the real estate sale, and

because the sale of such real estate was to a good faith purchaser, his appeals from the Real Estate Order are statutorily moot.

## **CONCLUSION**

Accordingly, Defendant's motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: September 26, 2008**

5