# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SIDNEY T. LEWIS, | : |
| Appellant, | : Case No. 2:08-cv-00075 |
| v. | : JUDGE MARBLEY |
| LARRY J. McCLATCHEY, | : |
| Trustee/Appellee. | : |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Appellant, Sidney T. Lewis's ("Lewis") Motion to Vacate Court's Order dismissing this case (doc. no. 81)[1]; Motion for Findings of Fact and Separate Conclusion of Law (doc. no. 73.); Motion for Leave to Appeal *in forma pauperis* (doc. no. 70); Motion for Copy of Transcripts at Government Expense (doc. no. 77); and Motion for Leave of Court to File Claim for Relief (doc. no. 82). For the reasons set forth below, the motions are **DENIED**.

### II. BACKGROUND

Lewis filed five appeals from orders of the Bankruptcy Court of the Southern District of Ohio. On September 26, 2008, this Court granted Larry J. McClatchy (the "Bankruptcy Trustee") Trustee's Motion to Dismiss Lewis's Appeals. (Doc. No. 65 ("Dismissal Order").) In

---

[1] Also pending on the Court's docket are Lewis's two predecessor Motions to Vacate the Court's Order dismissing this case (doc. nos. 68 and 78) and a motion to consolidate this case with S.D. Ohio Case No. 2:08-cv-736 (doc. no. 76) as explained below, the Court finds those motions to be **MOOT**.

the Dismissal Order, the Court held that: (a) three of the appeals were untimely pursuant to Fed. R. B. Proc. Rule 8002(a) because they were not filed within ten days of the bankruptcy court's orders; and (b) two of the appeals had become statutorily moot under 11 U.S.C. § 363(m) because Lewis failed to obtain a stay of the sale of real estate underlying those claims before the consummation of the sale. The Dismissal Order operated as a final order, closing the case. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680 (1958).

On October 7, 2008, Lewis filed a Motion to Vacate the Dismissal Order (doc. no. 68), which was followed by an Amended Motion to Vacate (doc. no. 78) a few weeks later. Both of those Motions, however, are now **MOOT** because Lewis filed another amended Motion to Vacate on January 9, 2009 based on the same arguments, which is now before the Court.

On October 24, 2008, Lewis filed a Motion to Consolidate this case with Case No. 2:08-cv-736 which was before Judge Frost and was already closed at the time Lewis filed his motion to consolidate. Four days later, Judge Frost denied the motion to consolidate. Furthermore, on December 1, 2008, this Court and Judge Frost issued a Related Case Memorandum that determined that Case Numbers 2:08-cv-75 and 2:08-cv-736 would remain with the judges to whom they were assigned (doc. no. 79). Consequently, Lewis's Motion to Consolidate is **MOOT**.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that the court may "relieve a party . . . from a final judgment, order, or proceeding" for several enumerated reasons. First, Lewis argues that the Court should vacate its dismissal order pursuant to Rule 60(b)(3), which permit a court

to grant relief from a final order based on "fraud . . . misrepresentation, or misconduct by an opposing party." In support of this argument, Lewis repeats the same unintelligible allegations of fraudulent conduct by the purchaser of the Lewises' real estate and the Bankruptcy Trustee that the Court rejected in its Dismissal Order. In short, Lewis merely disagrees with the Court's analysis of the motion to dismiss, but has failed to demonstrate fraud by an opposing party.

Next, Lewis claims that he is entitled to relief under and Rule (b)(4), which permits relief where the underlying judgment is void. A judgment is only void under Rule 60(b)(4) if "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Atoine v. Atlas Turner, Inc.*, 66 F.3d 104, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). Lewis has failed to show that this Court lacked jurisdiction over his bankruptcy appeal or the parties, or that this Court acted in a manner inconsistent with due process. *See* 28 U.S.C. § 158(a) (giving the district court jurisdiction over appeals from orders of the bankruptcy court). Therefore, Lewis is not entitled to relief under Rule 60(b)(4). Having reviewed his arguments, the Court finds that Lewis has failed to articulate a viable theory under which he is entitled to relief from judgment. Accordingly, Lewis's Motion to Vacate is **DENIED**.

Lewis has also motioned pursuant to Fed. R. Civ. P. 52, for the Court to issue findings of fact and conclusions of law concerning its favorable ruling on the Bankruptcy Trustee's motion to dismiss. Findings of fact and conclusions of law, however, are unnecessary on rulings on motions. Fed. R. Civ. P. 52(a)(3) ("The Court is not required to state findings or conclusions, when ruling on a motion under Rule 12 or 56, or, unless these rules provide otherwise, on any other motion."). Therefore, Lewis's request is **DENIED**.

The Court will also deny Lewis's motion to appeal the dismissal *in forma pauperis* (doc. no. 70) because the appeal would be frivolous. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that an appeal from this decision could not be taken in good faith.[2] Furthermore, as this Court deems any appeal frivolous, Lewis's request to obtain transcripts of the September 2 and 3, 2008 hearings at government expense (doc. no. 77) is also **DENIED**. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in [non-Criminal Justice Act and non-habeas proceedings] to persons permitted to appeal in forma pauperis shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous*." (emphasis added)).

Finally, on January 16, 2009, Lewis moved for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a). The proposed amendment adds a new claim. In the proposed new claim, Lewis alleges that judicial rulings made by the Supreme Court of Ohio during an earlier litigation between plaintiffs Sidney Lewis and Yvonne D. Lewis and defendants Huntington National Bank and United States of America (who are not parties to this suit) deprived the plaintiffs of due process of the law. Specifically, Lewis seeks to challenge a 2005 ruling declaring him a vexatious litigator under Ohio law and subsequent rulings enforcing that order.

Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend in cases of bad faith, dilatory motive, or undue prejudice to the opposing party. *Foman v. Davis*, 372 U.S. 178, 182 (1962). Given that Lewis's motion for leave to amend comes three months after this case was dismissed, the new

---

[2] 28 U.S.C. §1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

claim bears no connection to the claims asserted in this case (i.e., Lewis's bankruptcy appeal), and the proposed amendment involves claims against two entities that are not parties to this suit; this Court finds that Lewis's motion is made in bad faith and driven by a dilatory motive. Therefore, the Court could deny Lewis's motion on that basis alone.

Moreover, "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *E.g., Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir.2005) (citation omitted). A motion for leave to amend is "futile" if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). In this case, Lewis's proposed amended complaint is futile because it fails to state a claim for relief.

United States district courts have no jurisdiction to review challenges to state court judgments, even if a plaintiff alleges that the state court's judgment was unconstitutional. *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Only the Supreme Court of the United States has the power to review and correct state court rulings. *Id*.; *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Furthermore, the *Rooker-Feldman* doctrine prohibits a litigant from manufacturing federal jurisdiction over his collateral attack on an injurious state court judgment merely by drafting his complaint as a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). As this Court would lack jurisdiction over Lewis's proposed amended complaint under the *Rooker-Feldman* doctrine, the Court denies leave to file the futile complaint. *See Grundstein v. Ohio*, No. 1:06 CV 2381, 2006 WL 3499990, at *7-8 (N.D. Ohio Dec. 5, 2006)

(dismissing *sua sponte* plaintiff's complaint challenging Ohio state court order declaring him a vexatious litigator because the district court lacked jurisdiction over that claim under the *Rooker-Feldman* Doctrine).

## IV.  CONCLUSION

For the reasons explained above, the Court **DENIES** Lewis's: (1) Motion for Leave to Appeal *in forma pauperis* (doc. no. 70); (2) Request for Findings of Fact and Separate Conclusions of Law (doc. no. 73); (3) Motion for Copy of Transcripts at Government Expense (doc. no. 77); (4) Motion to Vacate (doc. no. 81); and (5) Motion for Leave of Court to File Claim for Relief (doc. no. 82).  The Court also finds the following motions **MOOT**: (1) Emergency Motion to Vacate Dismissal Order (doc no. 68); (2) Amended Motion to Vacate (doc. no. 78); and Motion to Consolidate Cases (doc. no. 76).

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**Dated: June 9, 2009**